UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

                **Hon. Hugh B. Scott**

  v.

                04CV266A

V.R.K. MANUFACTURING AND TOOLS
COMPANY, INC.,                 **Report**
ROMAN KLUR, Individually and as         **&**
President,                                 **Recommendation**

                Defendants.

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 6, Aug. 10, 2004). The instant matter before the Court is plaintiff's motion (Docket No. 25[1]) for default judgment. The Court issued a briefing schedule that required a response by June 30, 2005, and any reply by July 8, 2005, with the motion deemed submitted as of July 8, 2005.

## **BACKGROUND**

      Plaintiff United States Labor Secretary filed this Complaint against defendants alleging violations of the Occupational Safety and Health Act, 29 U.S.C. §§ 651, 660 (c). Plaintiff moved to compel production from defendants and responses to her requests for admission (Docket

---

[1]Plaintiff attempted to file this motion, Docket No. 24, but had filing errors under this Court's ECF guidelines.

Nos. 17, 18[2]). Prior to deciding that motion, the Court ordered that a representative of the corporate defendant and the individual defendant be present at a pretrial conference on May 12, 2005 (Docket Nos. 20, 22). Defendants, however, were not present at the conference and only local counsel of record[3] was present (Docket No. 22; Docket No. 25, Pl. Atty. Decl. ¶ 7). This motion was granted on May 12, 2005 (Docket No. 23), defendant was ordered to produce documents, answer plaintiff's interrogatories within five days of entry of that order. Plaintiff's requested admissions were then deemed admitted (id.). On June 1, 2005, plaintiff filed the present motion seeking a default judgment under Federal Rule of Civil Procedure 37(b), (d) for defendants' failure to comply with the Court's Order (Docket No. 25). Defendant has not produced anything within the five days of the May 12, 2005, Order (Docket No. 25, Pl. Atty. Decl. ¶ 8). Defendant has not responded to this motion.

## DISCUSSION

Plaintiff's motion seeking that a default judgment be entered against defendants as a form of discovery sanction may ultimately dispose of the action. Hence, this Court rendered this Report & Recommendation on these motions rather than use the proposed Order submitted by plaintiff in support of her motion (see Docket No. 25).

When a party fails to comply with the Court's Order to compel production, the Court "may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(b)(2). This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under

---

[2]These replaced similar motions, Docket Nos. 14, 15, which were filed with ECF errors.

[3]During a previous conference on April 14, 2005, Docket No. 20, local defense counsel indicated that he was awaiting instruction from his client and its out of district counsel (who has not appeared in this action).

Rule 37. See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999). This rule lists various sanctions including preclusion or dismissal of claims, Fed. R. Civ. P. 37(b)(2)(A) (facts established), (B) (refusing to allow disobedient party to support claim or defense), (C) (striking pleadings), or (D) (contempt of court for failing to produce witness), as well as payment of opponent's reasonable expenses including attorneys' fees. "In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Id. R. 37(b)(2) (emphasis added). The dismissal of a claim, defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy. Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); see National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (hereinafter "NHL") (dismissal as severest sanction). Imposition of Rule 37(d) sanctions for failure to comply with discovery demands must be weighed in light of the full record. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).

Defendants here have persisted in not responding either to plaintiff's demands or this Court's Order. Defendants had notice of the discovery demands, then of this Court's order compelling production. They have not moved for a protective order against the disclosure or even responded to the motion. Local counsel appeared at the argument of plaintiff's motion (see Docket No. 22) and was aware of this Court's Order. A lesser sanction would perpetuate defendants' recalcitrance and obstruction, see Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 852, 853 (2d Cir. 1995). Therefore, entering default judgment upon defendants, while

severe, is the appropriate remedy for defendants' apparent abandonment of this action.  See Bambu Sales, supra, 58 F.3d at 853-54; see also NHL, supra, 427 U.S. 639.

The amount of plaintiff's reasonable expenses associated with this motion, see Fed. R. Civ. P. 37(b)(2), will be addressed in a separate Order.  As a prevailing movant for a discovery motion, under Rule 37, plaintiff is entitled to recover its reasonable motion expenses.  Chief Judge Arcara will schedule an inquest on damages.

## CONCLUSION

Based upon the above, it is recommended that Plaintiff's motion (Docket No. 25) for default judgment be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

s/HBS  
Hon. Hugh B. Scott  
United States Magistrate Judge

Dated: Buffalo, New York  
       July 21, 2005